## Henry Shermer v. David B. Merrill and another.

*Foreclosures: Sale subject to future installment: Mortgagees: Purchasers.* Mortgagees holding several mortgage notes falling due at different dates and secured by the same mortgage, who have foreclosed by advertisement when only a part of the notes were due, under a notice of a sale to be made subject to another note specified, and have themselves become purchasers, received a deed and had the same recorded, cannot, after default in redemption, maintain an action against the mortgagor upon the note subject to which the foreclosure sale was made.

*Foreclosure sales: Mortgagees: Purchasers: Sale subject to future installment: Subrogation.* Mortgagees who become purchasers at a foreclosure sale stand in no better position than a third party who becomes such purchaser; and if a third party purchase subject to another note which is a charge upon the land, the mortgagor, if compelled to pay such note to the mortgagee, would be entitled to be subrogated to the rights of the mortgagee under the mortgage, in order to subject the land charged with the payment of the debt.

*Multiplicity of suits: Counter claims.* A court of law will endeavor to prevent circuity and multiplicity of suits, where the circumstances of the litigant parties are such that, on changing their relative positions of plaintiff and defendant, the recovery by each would be equal in amount.

*Heard January 13. Decided January 18.*

Error to Kalamazoo Circuit.

*Arthur Brown,* for plaintiff in error.

*May & Mason,* for defendants in error.

MARSTON, J:

July 18, 1870, Shermer executed and delivered to Merrill and McCourtie three promissory notes, respectively falling due in one, two and three years from the date thereof, the one falling due in three years being for the sum of two hundred dollars with ten per cent. interest payable annually. He at the same time, in order to secure payment of these notes, executed a mortgage to Merrill and McCourtie. After the two first notes, but before the third became due, Merrill and McCourtie foreclosed this mortgage by advertisement. The notice of sale contained this clause :: "This foreclosure and sale is made subject to another note, secured by said mortgage, for the sum of two hundred dollars, and interest thereon at ten per cent. from January 18, 1870." The mortgagees became the purchasers at said sale, having bid the amount due on the two first notes and costs of foreclosure. The premises were not redeemed. The purchasers received a deed, and had the same recorded April 26, 1873, and afterwards brought an action against Shermer to recover the amount of this third note, and judgment was rendered in their favor for the amount thereof. Shermer removes the case to this court on writ of error, and insists that the mortgagees having purchased the land subject to this note, and having afterwards obtained a deed therefor, they cannot thereafter maintain an action upon the note.

The debt for which the note in question was given was a lien upon the land, which was sold subject to its payment. The intention was clear, and such must have been the understanding, that in case a third person became the purchaser, and the mortgagor should not redeem, the mortgagee, when this note became due, if it was not paid, might proceed to foreclose and again sell this land in order to obtain pay-

ment of the note. Such would be the legal effect and result of such a sale. The purchaser would hold the lands subject to the payment of the note secured thereon. Under such circumstances it is quite clear that parties present at the sale contemplating a purchase would take into consideration the fact that they might thereafter be called upon to pay the outstanding note, in order to protect their title to the lands in case they became purchasers. They would not, therefore, be likely to bid the full value of the lands unincumbered, but the value subject to the incumbrance; so that the land would bring just the amount of the note subject to which the sale was made, less than it otherwise would have done. Under such circumstances, should the mortgagee sue the mortgagor upon the note and recover judgment, the mortgagor, upon payment thereof, would be entitled to be subrogated to the rights of the mortgagee under the mortgage, in order to subject the land charged with the payment of the debt. Were it otherwise, the mortgagor would be in effect paying the debt twice; once by a sale of his land for a sum the amount of the outstanding debt less than it otherwise would have brought, and then afterwards by paying the note. It is said that the mortgagor could avoid this result by redeeming the land. True, if he had the ability he might in this way protect himself; but this is not his only remedy. Where the sale has been made subject to one or more installments, he need not redeem, but may insist that payment thereof shall be made out of the land upon which, by the terms of the mortgage and sale, they have been expressly made a charge. It must, in such cases, be conclusively presumed that the land sold for the amount of the unpaid notes less than it otherwise would have done.

The mortgagees having become the purchasers stand in no better position than a third party would under like circumstances. If a third party purchasing the land at such a sale would take it subject to the payment of future installments, not then due, the mortgagees, in case they pur-

chased, would take it subject to a like charge. The fact that they are mortgagees and holders of the notes gives them no superior rights and privileges at such a sale. They take the land upon the same terms and subject to the same charges which third parties would. It is urged, however, that admitting and notwithstanding all that has been said, the mortgagees may still pursue their remedy against the mortgagor upon the note the same as though a third party, and not they, had become the purchaser at the mortgage sale. We have seen, however, that where the mortgagor is thus compelled to pay the note, he is entitled to be subrogated to the rights of the mortgagee under the mortgage, and that he thus has a remedy over against the land. What good reason then is there for permitting the mortgagees to collect the note by a suit at law, if the mortgagor can thereupon turn around and commence proceedings to recover back a like amount by a sale of the mortgaged premises bid in by the mortgagees?

"A court of law will endeavor to prevent circuity and multiplicity of suits, where the circumstances of the litigant parties are such that, on changing their relative positions of plaintiff and defendant, the recovery by each would be equal in amount."—*Broom's Maxims, 337.*

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.