KROLIK *v.* BANKERS TRUST CO.

1. MORTGAGES—FORECLOSURE FOR INSTALMENT—RELEASE OF MORT-GAGOR.

Mortgagee who forecloses for instalment and sells property subject to remaining instalments relieves mortgagor of all personal liability on indebtedness on mortgage, especially where value of mortgaged premises is not less than remaining instalments.

2. SAME—EFFECT OF FORECLOSURE FOR INSTALMENT.

Where mortgagee foreclosed mortgage for instalment due, as authorized by statute (3 Comp. Laws 1929, § 14426), mortgage still remained in force for remaining instalments, and, on failure to redeem, second mortgage was wiped out.

3. SAME—EXTINCTION OF MORTGAGE—INTENT.

Unless otherwise intended, foreclosure does not extinguish mortgage.

4. SAME—RECEIVERS—APPLICATION OF MONEY RECEIVED.

Where trustee under trust mortgage foreclosed for instalments due, and, on sale, purchased property for full amount due on instalment, and thereafter receiver was appointed on petition of holder of second mortgage, with consent of trustee, money in hands of receiver after payment of principal, interest, and taxes due did not belong to second mortgagee, on theory that it was surplus, but it was subject to order of court.

5. SAME—RIGHTS OF JUNIOR MORTGAGEE.

Where second mortgagee commenced proceedings for appointment of receiver, trustee under first mortgage was party thereto and consented to appointment, and receiver was appointed for benefit of both lienholders, rule that "law will protect and reward junior mortgagee, who by superior diligence obtains appointment of receiver for his own benefit," is not applicable, but money received from rents and income should be distributed according to priorities.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 9, 1933. (Docket No. 72, Calendar No. 36,917.) Decided August 29, 1933.

Bill by Stella L. Krolik against Bankers Trust Company, a Michigan corporation, and others for appointment of a receiver to collect rents and profits under a mortgage. From order approving receiver's final account and denying plaintiff's claim to balance in its hands, plaintiff and defendant Bankers Trust Company appeal. Affirmed.

*Silberman & Weil* (*Herbert M. Weil,* of counsel), for plaintiff.

*Frank C. Cook* and *John P. O'Hara* (*A. L. Baumann,* of counsel), for defendant Bankers Trust Company.

McDONALD, C. J. This is an appeal from an order of the Wayne circuit court approving a receiver's final account and denying the plaintiff's claim to the balance of the money in the receiver's hands.

The defendants Sam Adler and Jennie Adler, his wife, owned vacant property in the city of Detroit on which they desired to build a large apartment house. For this purpose they borrowed $105,000 from the Bankers Trust Company secured by a trust mortgage on the premises. In connection with the mortgage a series of bonds for the full amount of the loan was issued and sold to the general public. The Bankers Trust Company was mortgagee and trustee. The principal of the loan was to be paid in instalments. On April 1, 1930, there was default in the payment of an instalment of $5,000. The mortgagors were unable to pay, so it was agreed that their tenant, the Wolverine Lease & Manage-

ment Company, should pay from the rents $1,200 monthly to the trustee without prejudice, however, of the trustee's right to proceed with foreclosure. The money was to be applied in payment of taxes or on principal and interest due on the mortgage at the option of the trustee. Notwithstanding this arrangement, the default continued. The trustee began foreclosure for the unpaid instalment, and, on the sale, purchased the property for the full amount due on the instalment and received the sheriff's deed subject to a lien for the remaining instalments amounting to $100,000. The sale was had on September 19, 1930, and on November 12, 1930, the plaintiff, Stella L. Krolik, who held a second mortgage, filed this bill principally for the purpose of securing the appointment of a receiver to collect the rents and income and distribute them under the direction of the court. The Bankers Trust Company, trustee and first mortgagee, appeared in the suit and consented to a receivership. Without objection the trust company was appointed, qualified, took control of the property, and continued to operate the apartment until the period of redemption expired on its instalment foreclosure on September 19, 1931. Shortly after this time the plaintiff filed a petition for an accounting by the receiver and for a determination by the court that the money in the hands of the receiver belonged to her. The court denied her right to the money, and entered an order accordingly, from which she has appealed.

The first of the reasons advanced by the plaintiff in support of her claim to the money is based on the following contention, as stated in her brief:

"The mortgagee who forecloses for an instalment and sells the property subject to the remaining instalments relieves the mortgagor of all personal liability or indebtedness on the instrument."

There seems to be no doubt as to this proposition, especially in cases where the value of the mortgaged premises is not less than the remaining instalments. See *Shermer* v. *Merrill,* 33 Mich. 284. But that is not decisive of the question here involved. Plaintiff's theory is that if there be no deficiency, any money in the hands of the first mortgagee after the foreclosure is a surplus, and that, as junior mortgagee, she is entitled to have it applied on her lien under the rule stated in 42 C. J. p. 318. The facts in this case do not sustain the surplus theory. The first mortgage is still in force for $100,000, the amount of the remaining instalments, and by agreement of the mortgagors followed by order of the court the money was to be used to pay principal and interest due and to become due on this mortgage and to pay taxes, of which there was about $10,000 then delinquent. The statute (3 Comp. Laws 1929, § 14426) authorizes instalment foreclosures. Unless otherwise intended, the foreclosure does not extinguish the mortgage. *Anderson* v. *Thompson,* 225 Mich. 155. In the instant case the record is clear that on foreclosure for the one instalment it was intended that the mortgage should be kept in force to secure the payment of the remaining instalments. Therefore, on failure to redeem, though title to the premises vested in the trustee, who was the purchaser, it was subject to a mortgage of $100,000. The mortgage still exists with the trustee's rights except as to amount secured in no way abrogated by the foreclosure; but the plaintiff's junior mortgage was wiped out. Such was the legal status of the parties when this controversy arose over the ownership and application of the money in question. When the trustee was appointed receiver it had in its hands $5,150 received from the

Wolverine Lease & Management Company by agreement with the mortgagors. It is this money that the plaintiff claims belongs to her as junior mortgagee. When the court appointed the receiver he directed how this fund should be applied and in doing so made no substantial departure from the manner of application formerly agreed upon. We quote the applicable portions of the order as follows:

"It appearing to the court that a receiver should be appointed to operate and manage the premises described in said bill of complaint, and *to pay out of the rent, income, and profits of said premises, taxes to be assessed* and heretofore assessed, the sum found to be due upon a sale of the said premises for default in the first mortgage, on the 19th day of September, 1930, and principal and interest payments upon said first mortgage past due or to become due, on motion of Silberman & Weil, attorneys for said plaintiff.

"It is ordered that the Bankers Trust Company of Detroit be and it is hereby appointed receiver of the premises described in said bill of complaint. * * *

"It is further ordered that the said Bankers Trust Company apply all sums now in its hands or under its control on account of said premises together with any and all rents, profits, or income by it obtained in the future (after payment of the costs of this receivership, and operating expense), *first, to the payment of taxes assessed* against said premises in the *year 1928, thence to the redemption of said premises* from the foreclosure sale, and thereafter in accordance with the directions of this court."

There was no surplus from the foreclosure. The money was in the hands of the trustee for a special purpose by agreement with the mortgagors and by approval of the court.

The second reason advanced by the plaintiff in her claim of ownership is that the appointment was on her application and for her benefit, and consequently she has a first lien on, the funds in the hands of the receiver. In support of this contention she cites and relies on the recent case of *Detroit Properties Corp.* v. *Detroit Hotel Co.*, 258 Mich. 156. The doctrine of that case is in harmony with the best current authority. There is no doubt about the rule that "the law will protect and reward the junior mortgagee, who by superior diligence obtains the appointment of a receiver for his own benefit."

The doctrine is excellently stated in Wiltsie on Mortgage Foreclosure (4th Ed.), §§ 580, 582, and 583.

But the doctrine does not apply to the facts in the instant case. Here the Bankers Trust Company was a party to the suit and it is very clear that the receiver was appointed for its benefit as well as for the benefit of the junior mortgagee. It is only when the appointment is limited in its benefits to the junior mortgagee that the law gives him an advantage over the first mortgagee as to the money which comes into the hands of the receiver. Here the receiver was appointed for the benefit of both lienholders and the money received from the rents and income must be distributed according to their priorities. An excerpt from the opinion of the trial court is applicable. We quote it with our approval:

"The doctrine, enunciated in many New York and New Jersey cases, and recently adopted by Michigan, that the law will protect and reward a junior mortgagee, who, by superior diligence obtains the appointment of a receiver for his own exclusive benefit, does not apply where the senior mortgagee is made a party to the receivership

proceedings, and particularly where the order appointing the receiver extends benefit to the senior as well as to the junior mortgagee. The reason for this is obvious, as illustrated by the facts of our own case. When Stella Krolik prayed for the appointment of a receiver and joined the Bankers Trust Company as a party, the latter could have resisted plaintiff's petition and could have filed a petition of its own, and could, by virtue of its superior rights, have insisted that the appointment be made upon its application rather than upon the application of the junior mortgagee. Instead, by agreement with plaintiff, it consented to the entry of an order which protected its rights as fully and completely as though the order had been based upon its own petition.''

There are no other questions that require discussion. We think the trial court was right in holding that the money remaining in the receiver's hands does not belong to the plaintiff. The mortgagors have not appeared in the suit and consequently are making no claim to the money. It should be applied under direction of the court for the benefit of the bondholders.

The decree is affirmed, with costs to defendant Bankers Trust Company.

POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred. CLARK and BUTZEL, JJ., did not sit.