DETROIT PROPERTIES CORP. *v.* DETROIT HOTEL CO.

1. MORTGAGES—ASSIGNMENT OF RENTS—NOTICE OF DEFAULT—STATUTES.

Trustee under trust mortgage, desiring to take advantage of provision assigning rents and profits upon default, must perform statutory conditions and file notice of default in office of register of deeds and serve copy thereof upon occupiers of mortgaged premises (3 Comp. Laws 1929, §§ 13498, 13499).

2. SAME—RECEIVERS—MONEY TO BE DISTRIBUTED BY ORDER OF COURT.

It was duty of receiver, in possession of mortgaged property by order of court, to make distribution of moneys received as ordered by court.

3. SAME—ASSIGNMENT OF RENTS—NOTICE OF DEFAULT—WAIVER.

Trustee under mortgage assigning rents and profits upon default, who failed to file notice of default and serve copy of same upon receiver in possession, as required by statute, must be deemed to have waived right thereto prior to taking proper action (3 Comp. Laws 1929, §§ 13498, 13499).

Appeal from Wayne; Richter (Theodore J.), J. Submitted January 19, 1932. (Docket No. 182, Calendar No. 36,236.) Decided April 4, 1932.

Bill by Detroit Properties Corporation, a Michigan corporation, against Detroit Hotel Company, a Michigan corporation, to foreclose a second trust mortgage, appoint a receiver, and for other relief. Union Guardian Trust Company, trustee under the first trust mortgage, petitioned to intervene. On petition of intervener for payment to it of moneys by receiver appointed in foreclosure suit. Petition denied. Intervener appeals. Appeal dismissed.

On validity, construction and effect of provision in real estate mortgage as to rents and profits, see annotation in 4 A. L. R. 1405; 55 A. L. R. 1020.

*Beaumont, Smith & Harris,* for appellant.

*Warren, Hill & Hamblen,* for receiver.

SHARPE, J. On March 1, 1926, the Detroit Hotel Company executed a mortgage on certain real estate owned by it to the Union Trust Company as trustee to secure bonds to the amount of $4,100,000, bearing interest at 6½ per cent. On March 8th following, it executed a second mortgage on the same property to the Guardian Trust Company as trustee to secure bonds in the sum of $1,500,000, bearing interest at 7 per cent. The purpose of these loans was to obtain money with which to build and equip a hotel on the property, and this was done; $1,425,000 face value of the 7 per cent. bonds were issued.

On August 12, 1929, the Detroit Properties Corporation, a Michigan corporation, at that time the owner and pledgee of all of the 7 per cent. bonds which had been issued, filed a bill of complaint, alleging that there was then due and owing to it for interest thereon a sum in excess of $190,000; that the hotel company was indebted to it in the further sum of $68,000 for moneys advanced to it, and was indebted to other creditors in the sum of at least $65,000, and that there were delinquent taxes on said property for two years amounting to $60,000 or more, and that if the property of the company was "properly safeguarded, protected and operated," sufficient moneys would be realized to pay such indebtedness, and prayed for the appointment of a receiver to the end "that the rights of the bondholders and creditors may be preserved and protected." It was stated in the bill of complaint that this mortgage was subject to the prior mortgage to the Union Trust Company, trustee, above referred to.

An order appointing the Guardian Trust Company was made on the same day. It recites that an answer of the hotel company had been filed, but it does not appear in the record. In it the receiver was ordered to collect the rents, income and profits on the hotel property—

"and therefrom when it deems it advisable, to pay any prior accruing interest or principal on the mortgage to the Union Trust Company, trustee, or any taxes which are a lien against said property;"

to make certain other payments and "to hold the remainder thereof for distribution as this court may order." On August 26, 1929, and several times thereafter, on petition of the receiver, the court ordered it to pay to the Union Trust Company as trustee certain sums to apply on the principal and interest due on the bonds secured by its mortgage.

On April 3, 1930, there was filed in said cause a notice of the merger of the Guardian Trust Company with the Union Trust Company under the name of the Union Guardian Trust Company. This company thereafter proceeded to act as trustee under the first mortgage and as trustee under the second mortgage and as receiver appointed by the court in the case then pending.

After obtaining permission to do so, the Union Guardian Trust Company as trustee under the first mortgage, on March 25, 1931, filed a bill to foreclose it, and on April 7th an order was entered appointing it receiver in that suit, and it at once entered into possession of the mortgaged premises. It then as trustee filed a petition to intervene in the Detroit Properties Corporation's suit and for the entry of an order directing itself as receiver in that suit to pay to itself as plaintiff in its foreclosure suit the moneys in its hands as such receiver. Pending the

hearing of this petition, the receiver petitioned the court for instructions as to the payment of $53,532.36 and the disposition of certain uncollected accounts then in its hands as such receiver.

A hearing on the petition to intervene was thereupon had and proofs taken, after which the court entered an order denying the same. In that order the court directed the receiver to hold "all funds now in its hands, whether collected or uncollected, until further order of this court." From this order the trust company as trustee in the first mortgage has taken an appeal. Confusion results from the trust company acting in so many different capacities with conflicting interests.

Appellant first urges that as the moneys in the hands of the appellee were received by it from the rents and profits of the hotel property, it, as trustee under the first mortgage, is entitled to it under the provisions of Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499). The trust mortgage contained an assignment of the rents and profits of the property mortgaged as permitted by that act. In *Security Trust Co.* v. *Sloman,* 252 Mich. 266, 274, it was said:

"The proper construction of the act does not seem difficult. It will be given effect in harmony with its language and purpose if we hold, and we do:

"1. That the trustee is entitled to the rents upon default and performance of the statutory conditions."

The statutory conditions (section 2) required the trustee, if he desired to take advantage of this provision, to file a notice of default in the terms and conditions of the trust mortgage in the office of the register of deeds and serve a copy thereof upon the occupiers of the mortgaged premises. No such notice was filed or served.

The receiver was in possession by order of the court, and it was its duty to make distribution of the moneys received by it as ordered by the court. Certain of such moneys were, as hereinbefore stated, paid to the appellant to apply on the principal and interest due under its mortgage. All concerned apparently had hopes that by careful management on the part of the receiver the indebtedness of the hotel company might be paid and the property returned to its owner. This result was not obtained. It was handled by the receiver by and with the implied, if not express, consent of the appellant, which might at any time have enforced collection of the rents and profits assigned to it in the mortgage by giving the notice required by the statute. It finally secured the right thereto by its appointment as receiver on foreclosure of its trust mortgage and entering into possession thereunder. But, under the circumstances here presented, and by reason of its noncompliance with the requirement of the statute as to the filing of notice of default and serving a copy thereof upon the receiver in possession of the premises, it must be deemed to have waived its right thereto prior to such action on its part. The moneys in the hands of the receiver might have been disbursed by it prior to the filing of the petition to intervene, and probably would have been had not the trust company occupied the dual position of receiver in this case and trustee under the first mortgage.

A similar question was before the appellate court in the State of New York in *Sullivan* v. *Rosson*, 223 N. Y. 217 (119 N. E. 405, 4 A. L. R. 1400). The several mortgages in that case contained a provision assigning the rents to the mortgagees. There is, however, no statute in that State similar to our Act No. 228, above referred to. We quote from the syllabus:

"Each of the three mortgages held by the parties to this controversy provided for the appointment of a receiver of the mortgaged premises on default by the mortgagor. The plaintiff herein, the owner of a fourth mortgage, applied for and obtained the appointment of a receiver in her behalf. The owner of the second and third mortgages did not seek to collect the rent either by voluntary payment with the consent of the mortgagor or through a receiver, but claims the rents in the hands of plaintiff's receiver. The order appointing such receiver was never modified, or in any way extended for his benefit. Upon these facts the holder of the senior mortgages is not now entitled to appropriate the proceeds of the diligence of the junior mortgagee."

In our opinion the order dismissing the petition to intervene was properly granted, and the appeal therefrom is dismissed, with costs to appellee.

CLARK, C. J., and MCDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.