UNION GUARDIAN TRUST CO. *v.* COMMERCIAL REALTY CO.

1. MORTGAGES—TRUST MORTGAGES—WASTE—NONPAYMENT OF RENT.
   Nonpayment of taxes is not such waste as to justify transfer of possession, after hearing of show cause order, to trustee under trust mortgage containing clause for assignment of rents and profits executed prior to Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499).

2. SAME—RENTS APPLIED TOWARD PAYMENT OF TAXES—LACHES.
   Owner under unrecorded deed from mortgagor under trust mortgage who made no objection to transfer of possession to trustee at hearing on show cause order nor for 15 months after erroneous court order authorizing trustee to apply rents to payment of taxes is not equitably entitled to rents so applied.

3. SAME—POSSESSION OF TRUSTEE.
   Confirmation in decree of foreclosure of erroneous order putting trustee in possession to collect rents for payment of taxes was error after owner's default had been set aside on stipulation.

4. SAME—POSSESSION OF TRUSTEE—WASTE.
   Waste *held,* insufficient to justify continuation of possession in trustee under trust mortgage where it had redeemed from sale for taxes and security was not impaired by tax titles for that year.

5. SAME—TRUSTEE'S APPLICATION OF RENTS.
   Trustee under trust mortgage in possession under invalid court order *held,* entitled to exhaust as much of collections up to date on which owner's default was set aside, as necessary, in payment of taxes due up to that time, reasonable collection fees and expenses incurred in making premises tenantable.

6. SAME—TRUSTEE'S APPLICATION OF RENTS—RETURN TO OWNER.
   Trustee under trust mortgage, continued in possession after second hearing, is required to return to owner such rents as were collected following issuance of second order, entered after owner's default had been set aside, erroneously confirming original appointment to receive rents less tax payments made to prevent tax titles from becoming absolute during its occupancy.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 10, 1933. (Docket No. 136, Calendar No. 37,202.) Decided December 29, 1933.

Bill by Union Guardian Trust Company, a Michigan corporation, as trustee, against Commercial Realty Company, Glendon A. Richards, Charles E. Norton and Julius Berman to foreclose a trust mortgage on real estate, for appointment of a receiver and for other relief. From order appointing receiver, defendant Berman appeals. Modified and remanded.

*Knappen, Uhl, Bryant & Snow,* for plaintiff.

*David I. Hubar* (*Milton M. Maddin,* of counsel), for defendant Berman.

BUTZEL, J. On July 22, 1930, the Union Guardian Trust Company filed a bill of complaint against Glendon A. Richards, Charles E. Norton, the Commercial Realty Company, and Julius Berman. The latter is the sole appellant herein and will be referred to as the defendant. The bill alleged that plaintiff, formerly known as the Union Trust Company, was the trustee of a bond issue, secured by a mortgage dated April 2, 1923, on property in Grand Rapids, Michigan, improved with a commercial building, portions of which were rented to tenants; that the original mortgagor, the Peninsular Fire Insurance Company, had been dissolved, and its property sold by a receiver; that Richards, Norton, and the Commercial Realty Company acquired an interest of record in the property. It was charged on information and belief that Berman held an unrecorded deed to the property, but that plaintiff had no knowledge of its terms; that there had been seri-

ous defaults in the payment of principal, interest and other charges provided for in the mortgage, that the city, school, State and county taxes for the years 1928 and 1929 were unpaid; that the original amount of the bond issue had been reduced by serial payments from $70,000 to $58,000, but that, through defaults in interest, taxes, etc., the amount due on the mortgage exceeded the sum of $70,000; and that, in pursuance of the instructions of a bondholders' committee with whom more than a majority of the bonds had been deposited, plaintiff had declared the entire amount due and instituted the foreclosure proceedings under a clause providing for the acceleration of the due date in the event of default. The bill asked that the trustee be authorized to collect the rents and revenues from the property as provided in the mortgage. Inasmuch as the mortgage was executed prior to 1925, the decision is not governed by 3 Comp. Laws 1929, §§ 13498, 13499.

Upon the filing of the bill, a summons and order to show cause were issued and served. No answer was filed by defendant until November 28, 1931, more than 15 months after he had filed his appearance in the suit. In the meantime, on June 11, 1931, affidavits of nonanswer and regularity were filed, and an order *pro confesso* was signed, declaring defendant in default. On August 16, 1930, after a hearing on the order to show cause, the trial judge authorized the plaintiff trustee to take possession of the property, collect the rents, and apply the income to the payment of taxes, and enjoined all defendants from interfering with such possession. The record reveals no objection to the authorization by defendant Berman, who claims to be the owner of the property by virtue of the unrecorded deed.

On November 28, 1931, the court ordered defendant's default set aside and granted him leave to file an answer, provided that such action would not require the taking of additional testimony. This order was entered in accordance with a stipulation entered into by counsel for plaintiff and defendant, in which it was agreed that "plaintiff did at the hearing of said cause present testimony establishing all of the allegations of fact set forth in the bill of complaint." Appellant thereupon filed an answer, denying the allegations of the bill, particularly attacking plaintiff's right to possession and the collection of rents. On January 16, 1932, the court denied a motion that defendant be restored to possession and the trustee compelled to account for the rents collected. At the same time, on petition of plaintiff, he issued an order granting leave to file an amended bill of complaint and to take additional proofs with regard to plaintiff's right to collect the rents, an issue raised for the first time by defendant's answer and motion. This order was opposed by defendant and is now assigned as error, but a determination of this question is not necessary to the decision.

In its amended bill of complaint, plaintiff alleged that the mortgagor was insolvent, that the security was inadequate and that serious waste was being committed through nonpayment of taxes. The testimony bore out the allegations in the amended bill on the issues of insolvency and inadequacy of security. It also showed that on September 3, 1930, the property had been sold for city and school taxes for the year 1928; that on May 5, 1931, it had likewise been sold for the State and county taxes for the same year. The plaintiff redeemed from these tax sales. The amendment to the bill of complaint also alleged

a sale for the 1929 city and school taxes, still unredeemed at the date of the second hearing. The State and county taxes for 1929 and all taxes for 1930 and 1931 are also due and unpaid. At the conclusion of the testimony, counsel for defendant stipulated, without prejudice to his client's rights on the main question, that, should plaintiff be required to account to defendant for the rents collected, plaintiff was to be allowed a credit or deduction of the amount it had expended in redeeming from the sales of the 1928 city, school, State and county taxes.

Defendant's deed reveals that it was given subject to the 1928 city, school, State and county taxes, amounting to $2,440.58 without interest. He testified that his failure to record the deed was occasioned by reason of the nonpayment of these taxes.

Had appellant opposed the order authorizing the trustee to collect the rents at the original hearing, an entirely different question would be presented to us. The allegations of the bill of complaint did not set forth waste of such a nature as would justify a transfer of possession to the trustee. *Detroit Trust Co.* v. *Lipsitz*, 264 Mich. 404. The court would have been correct had it denied plaintiff's prayer for possession. Appellant cannot sit by, however, acquiesce by his silence for 15 months in the collection of the rents and their application to the payment of taxes under a court order, and then request a court of equity to turn over the rentals to him.

Inasmuch as defendant's default was set aside on stipulation, the trial court was in error in confirming its original order in the decree of foreclosure. An examination of the present record does not reveal sufficient waste to justify the continuation of the possession by the trustee. Plaintiff redeemed from the sale of the 1928 taxes. Consequently, it

cannot be claimed that the security was impaired or endangered by tax titles for that year.

Plaintiff is entitled, however, to exhaust as much of the fund accumulated from the collection of rents, up to the date on which defendant's default was set aside, as may be necessary to discharge taxes due and unpaid up to that time. Reasonable collection fees and expenses incurred in making the premises tenantable may also be paid. Such allowances are made in accordance with the original order of August 16, 1930, authorizing plaintiff to collect rents for the payment of taxes.

Inasmuch as the court was in error in continuing the trustee in possession after the second hearing, defendant is entitled to a return of the rents collected following the issuance of the second order confirming the trustee's original appointment. Plaintiff may, however, deduct such additional tax payments as may have been made during that time under absolute necessity, in order to prevent tax titles from becoming absolute during the trustee's occupancy. The decision herein will not prejudice plaintiff's right to re-petition the court for possession, should defendant fail, within a reasonable time, to free the property from such further tax liabilities, if any, as may become absolute prior to the expiration of the period of redemption from the foreclosure sale.

Appellant has only appealed from the order confirming the appointment of the trustee to collect rents, and not from the decree of foreclosure. The case is remanded to the lower court with instructions to enter an order in accordance with this opinion. Appellant will recover costs.

McDonald, C. J., and Weadock, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.