ABRIN v. EQUITABLE TRUST CO.

MORTGAGES—TRUSTS—ASSIGNMENT OF RENTS AND PROFITS—OCCUPIERS OF PREMISES.

Provisions of statute authorizing assignments of rents and profits under trust mortgage are plain and unambiguous and fully justify decree enforcing assignment against all tenants of mortgagor's lessee and entitling trustee to profits from operation of the building until defaults were made good as against lessee's contention trustee was entitled only to rent received by the mortgagor (3 Comp. Laws 1929, §§ 13498, 13499).

Appeal from Wayne; Merriam (DeWitt H.), J. Submitted April 9, 1935. (Docket No. 51, Calendar No. 38,318.) Decided May 17, 1935.

Bill by Samuel Abrin against Equitable Trust Company, a Michigan corporation, to restrain defendant from interfering with the possession of property and from collecting rents. Cross-bill by defendant against plaintiff and another to restrain interference with the collection of rents. Decree for defendant. Plaintiff appeals. Affirmed.

*Griffin, Heal & Emery* (*Thomas V. Locicero,* of counsel), for plaintiff.

*Morris Garvett,* for defendant.

Potter, C. J.   May 10, 1927, Henry Fidler mortgaged a Detroit apartment building to the United States Trust Company, of Detroit, as trustee for the holders of $40,000 in par amount of bonds. The mortgage contained an assignment of the rents and profits in accordance with Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13498, 13499).

October 18, 1927, Fidler conveyed his interest in the premises to Samuel H. Rabin. February 1, 1933, Samuel H. Rabin and wife leased the premises for three years to Samuel Abrin, and the lessee took possession of the premises and property leased.

August 24, 1933, the trust mortgage being in default, the trustee notified the tenants of the lessee of the default and demanded that all rents be paid to it. This notice was recorded in the office of the register of deeds of Wayne county, in accordance with Act No. 228, Pub. Acts 1925. No such notice was given the lessee, tenant of the mortgagor. Thereupon the lessee filed a bill to restrain the defendant

trustee from interfering with the quiet possession of the premises by the lessee, and from collecting the rentals from his tenants. The trustee filed a cross-bill of complaint to restrain plaintiff from interfering with the collection of the rents by the trustee. The trial court refused to issue a permanent restraining order against either party, but appointed a receiver to collect and operate the premises during the pendency of suit.

The trial court, on final hearing, held the trustee was entitled to the rents and income from the subtenants and all other income therefrom without regard to the rights of the lessee, and enjoined the latter from interfering with the trustee in the operation of the premises and the collection of the rents and income therefrom, and from doing any other act which would impair the income which might be produced from the operation of the premises, until all arrearages and default of the trust mortgage were made good. The receiver was, too, ordered to pay over to the trustee all funds remaining in his hands after the payment of the fees, costs and expenses allowed by the court.

Plaintiff and lessee appeals, and contends the trustee is entitled only to the rent received by the mortgagor-lessor under the lease.

The trustee contends it is entitled to all the rents collected from the tenants of the lessee and profits from the operation of the building.

The statute provides it shall be lawful to assign the rents and profits of the property mortgaged to the trustee or trustees under a trust mortgage or deed of trust for the benefit of the bondholders and holders of the obligations issued or to be issued under the trust mortgage or deed of trust. 3 Comp. Laws 1929, § 13498.

The statute further provides that the assignment of rents and profits, when so made,

"Shall be a good and valid assignment of rents as against the mortgagor or mortgagors or those claiming under or through them from the date of the recording of the trust mortgage or deed of trust, and shall operate against and be binding upon the occupiers of the premises from the date of the filing by the trustee or trustees in the office of the register of deeds for the county in which the property is located of a notice of default in the terms and conditions of the trust mortgage or deed of trust, and service of a copy of such notice upon the occupiers of the mortgaged premises." 3 Comp. Laws 1929, § 13499.

The provisions of this statute are plain and unambiguous. The statute fully warrants the conclusions reached by the trial court.

Decree affirmed, with costs.

NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.