In the Matter of COVENTRY COMMONS ASSOCIATES, Debtor.

No. 91–CV–75730–DT.

United States District Court, E.D. Michigan, S.D.

April 14, 1992.

Douglas D. Roche, William T. Burgess, Michael C. Hammer, Detroit, Mich., for creditor.

Barbara Rom, Vicki R. Harding, Detroit, Mich. (John C. Murray, Oak Brook, Ill., of counsel) for debtor.

## OPINION

DUGGAN, District Judge.

Presently before the Court is an appeal by The Travelers Insurance Company ("Travelers"), pursuant to Bankruptcy Rule 8001(a), from the bankruptcy court's

Order of October 28, 1991, determining the rights between Travelers and Chapter 11 debtor Coventry Commons Associates ("Coventry") as to the rents in a shopping center. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 158(a). This Court heard oral argument on the appeal on April 8, 1992.

The first issue raised in the appeal is whether Travelers has a perfected security interest in the post-petition rents of the shopping center by virtue of the assignment of rents entered into between it and Coventry. The bankruptcy court ruled below that Travelers has an "inchoate" interest in the rents.

■ The parties agree that state law, here Michigan law, determines Travelers' rights to the rents in the shopping center. *See Butner v. United States,* 440 U.S. 48, 55–57, 99 S.Ct. 914, 918–19, 59 L.Ed.2d 136 (1979). In Michigan, the assignment of rents is governed by statute—M.C.L.A. §§ 554.231 and 554.232 (West 1988) ("§ 231" and "§ 232"). These provisions, this Court concludes, permit a mortgagor to grant to a mortgagee an assignment of rents as additional security and that the assignee/mortgagee's rights are perfected and binding against the assignor/mortgagor when such assignment is recorded and a default occurs in the terms and conditions of the mortgage. In the present case it is undisputed that Travelers recorded the assignment of rents and that Coventry defaulted under the terms of the mortgage.

■ The bankruptcy court ruled that, since Travelers did not record a notice of default and did not send copies of such notice to the tenants of the shopping center, as provided in §§ 231 and 232, Travelers does not have an existing interest in the rents of the shopping center under Michigan law. 134 B.R. 606. Accordingly, the bankruptcy court characterized Travelers' interest in the rents as "inchoate"—an interest in the right to receive the rents at some future time.

In this Court's opinion, the bankruptcy court's ruling added the notice and recording requirements required by §§ 231 and 232 for an assignee of rents to enforce such assignment *against tenants* to the requirements for an assignee to enforce an assignment *against the assignor.* This Court's reading of §§ 231 and 232 supports the conclusion that such additional requirements are not required when the assignee seeks to enforce an assignment of rents against the assignor only (the underlined language indicates the additional requirements imposed on an assignee seeking to enforce an assignment as to the tenants):

> Such assignment of rents shall be binding upon such assignor only in the event of default in the terms and conditions of said mortgage, *and shall operate against and be binding upon the occupiers of the premises from the date of filing by the mortgagee in the office of the register of deeds for the county in which the property is located of a notice of default in the terms and conditions of the mortgage and service of a copy of such notice upon the occupiers of the mortgaged premises.* (M.C.L.A. § 554.231)

> Sec. 2. The assignment of rents, when so made, shall be a good and valid assignment of the rents to accrue under any leases in existence or coming into existence during the period the mortgage is in effect, against the mortgagor or mortgagors or those claiming under or through them from the date of the recording of such mortgage, *and shall be binding upon the tenant under the lease or leases upon service of a copy of the instrument under which the assignment is made, together with notice of default as required by section 1.* (M.C.L.A. § 554.232)

Case law also supports this Court's conclusion as to the interpretation of §§ 231 and 232. Specifically, this Court finds persuasive Judge Brody's ruling on the requirements of §§ 231 and 232 as set forth in *In re P.M.G. Properties,* 55 B.R. 864 (Bankr.E.D.Mich.1985).[1]

---

**1.** Both Coventry and the bankruptcy court cite to the Michigan Supreme Court's decision in

*Security Trust v. Sloman,* 252 Mich. 266, 274, 233 N.W. 216 (1930), wherein the court ruled

■ As Travelers has a perfected present security interest in the rents, such rents must be treated as cash collateral as required under 11 U.S.C. §§ 363(a) and 552(b). The rents are cash collateral because both the bankruptcy estate and Travelers have an interest in the rents and the rents are subject to a security agreement as provided by § 552(b). *See In re Bethesda Air Rights Ltd. Partnership,* 117 B.R. 202, 209–10 (Bankr.D.Md.1990) (where rents are treated as security, rents collected post-petition are cash collateral, even where creditor had perfected its interest in the rents pre-petition and had satisfied state law requirements to enforce assignment of rents).

■ As the rents are cash collateral, the debtor, here Coventry, may not use such rents without first gaining the approval of the bankruptcy court. This is because, under the Bankruptcy Code, Travelers, as a party holding an interest in the rents, is entitled to require that its interest in the rents is adequately protected. 11 U.S.C. §§ 363(c)(2)(B) & (e).

■ The bankruptcy court, both in its original and supplemental rulings, did not expressly determine whether Travelers' interest in the rents, *as cash collateral,* was adequately protected under the terms of the Bankruptcy Code. Since this Court has concluded that Travelers has a perfected security interest in the rents and that such rents are cash collateral, the question presented is whether the decision of the bankruptcy court with respect to the use of the rents would be the same if that court had *specifically* determined that the rents were cash collateral. In other words, did the opinion of the bankruptcy court take into account the burden imposed upon Coventry under 11 U.S.C. § 363(c)(2)(B) and (e), and did that court intend by its ruling to affirmatively state that Coventry has met such burden?

At oral argument on this issue counsel for the respective parties did not agree as to whether the bankruptcy court considered the rents as cash collateral. Counsel also did not agree as to whether that court's ruling would be the same if there had been made a determination consistent with this Court's ruling that the rents are cash collateral. It may well be that the bankruptcy court believed that the provisions that were made for the use of the rents by Coventry were consistent with the use of cash collateral pursuant to §§ 363(c)(2)(B) & (e). If so, on remand a decision from the bankruptcy court to that effect can be quickly obtained. If, on the other hand, the bankruptcy court concludes, accepting this Court's interpretation that the rents are cash collateral, that additional proceedings are necessary, that court will take whatever further action is necessary.

This Court shall therefore remand this action to the bankruptcy court for a decision and/or proceedings not inconsistent with this Opinion.

that under the predecessor to the current assignment of rents statute, a mortgage trustee "is entitled to the rents [of a mortgaged property] upon default and performance of the statutory conditions." Coventry and the bankruptcy court interpret this holding as meaning that *all* statutory conditions specified in §§ 231 and 232 must be complied with before an assignment of rents takes effect. Such conclusion reads too much into the holding and ignores §§ 231's and 232's separation between enforcement of an assignment of rents on the assignor as opposed to occupiers of the mortgaged premises. Indeed, in a case decided a few years after *Sloman,* the Michigan Supreme Court enforced the provisions of the 1925 Act against a lessee *in possession* of mortgaged property by requiring him to pay rents to the trustee, noting that the lessee had been served a copy of the notice of default and that such notice had been recorded. *Abrin v. Equitable Trust Co.,* 271 Mich. 535, 538, 261 N.W. 85 (1935). *See also Detroit Properties Corp. v. Detroit Hotel Corp.,* 258 Mich. 156, 159–60, 242 N.W. 213 (1932) (service and recording of notice of default was required before enforcement of assignment rents against receiver because receiver was *in possession* of mortgaged property); *Detroit Trust Co. v. City Service Co.,* 262 Mich. 14, 41–42, 247 N.W. 76 (1933) (same); *Giblin v. Detroit Trust Co.,* 270 Mich. 293, 298–299, 258 N.W. 635 (1935) (where owner of property voluntarily gave possession of premises to trustee and occupiers of premises had been paying rent to the trustee over a period of time, trustee excused from recording and serving notice of default on occupiers when seeking to enforce an assignment of rents).

An Order consistent with this Opinion shall issue forthwith.