EQUITABLE TRUST CO. *v*. MILTON REALTY CO.

1. MORTGAGES—TRUST MORTGAGE—CONSTRUCTION OF INSTRUMENT.

In determining whether instrument is in fact trust mortgage, entitling mortgagee to benefit of statute authorizing assignment of rents and profits, all provisions of instrument must be considered (3 Comp. Laws 1929, §§ 13498, 13499).

2. SAME—USE OR OMISSION OF WORD "TRUSTEE" NOT DECISIVE—INTENT CONTROLLING.

Whether instrument is trust mortgage does not depend upon use of particular form of words, but upon intent; so that inclusion or omission of term "trustee" is not decisive.

3. SAME—SECURITY—SPECIFIC LIEN.

Real estate mortgage in Michigan is only security, in nature of specific lien, for debt.

4. SAME—TRANSFER OR ASSIGNMENT.

Transfer or assignment of obligation secured by mortgage operates as assignment of mortgage, and if part only of debt is assigned, *pro tanto* portion of security follows it.

5. TRUSTS—"TRUSTEE" DEFINED.

"Trustee," in widest meaning of term, may be defined to be person in whom some estate, interest, or power in or affecting property of any description is vested for benefit of another.

6. MORTGAGES—TRUST MORTGAGE—ASSIGNMENT OF RENTS—STATUTES.

Where title to mortgage passed to mortgagee on its execution and delivery, nature of instrument as ordinary mortgage thereby became established and was not changed by subsequent acts of mortgagee in disposing of bonds as contemplated by mortgage, under which trust relation as between it and purchasers of bonds came into existence, and therefore instrument is not trust mortgage within meaning of statute authorizing assignment of rents and profits (3 Comp. Laws 1929, §§ 13498, 13499).

Appeal from Wayne; Richter (Theodore J.), J. Submitted October 11, 1932. (Docket No. 66, Calendar No. 36,767.) Decided January 25, 1933. Submitted on rehearing June 6, 1933. Decided June 21, 1933.

Bill by Equitable Trust Company, a Michigan corporation, against Milton Realty Company, a Michigan corporation, and others for appointment of receiver to collect rents and profits under an alleged trust mortgage. Bill dismissed. Plaintiff appeals. Affirmed, on rehearing.

*Race, Haass & Allen* (*C. Redman Moon,* of counsel), for plaintiff.

*Joslyn, Joslyn & Joslyn,* for defendants Milton Realty Company and Fenton & Smith Service Company.

*David M. Miro,* for defendant Saks Investment Company.

*H. R. Martin, amicus curiæ.*

ON REHEARING.

SHARPE, J. The insistence of counsel for the appellant and the pendency of many other cases involving a similar question have impelled us to grant rehearings in this and the case which follows. The opinions then filed appear in 261 Mich. 571 *et seq.*

We are in agreement with counsel that all of the provisions of this instrument must be considered in determining whether it is in fact a trust mortgage or deed of trust. The omission of the term "trustee" is not alone decisive, nor would its inclusion be decisive if it is apparent that there was no intent

to create a trust. Its creation does not depend upon the use of a particular form of words. *Chadwick* v. *Chadwick,* 59 Mich. 87; *Faulds* v. *Dillon,* 231 Mich. 509.

The property in question was conveyed by the mortgagors to the mortgagee to secure the payment of 113 negotiable bonds, executed by the mortgagors, payable to the trust company or bearer. The mortgage contained the provisions in paragraphs 7 and 8 quoted in our former opinion. The seventh paragraph contains no covenant, promise, or obligation on the part of the mortgagors nor any undertaking on the part of the mortgagee in any way affecting liability. In it the mortgagee states that it "contemplates the sale of part or whole of this mortgage and of the bonds or obligations to which it is collateral," and that "in the event it sells the same, or any part thereof," it may attend to the collection of principal and interest when due, and in case of default it may commence foreclosure proceedings "or such other suit or action as to it seems best," and that, in doing so, it "may act in the capacity of a trustee" for the benefit of the purchasers "of all or any part of the bonds or obligations secured by this mortgage," and, upon payment thereof, may discharge or release it.

When the mortgagee sold the whole or any part of the evidences of the indebtedness given it by the mortgagors, it had the right to act as a trustee for the purchasers in the collection of the mortgage debt. But the fact that such a contingency might arise and such a relationship be thereby established is in no way determinative of the nature of the instrument executed by the mortgagors. They placed no property in the hands of the mortgagee to be held by it in trust.

A real estate mortgage in this State "is but a security, in the nature of a specific lien, for the debt." *Ladue* v. *Railroad Co.*, 13 Mich. 380, 394 (87 Am. Dec. 759). A transfer or assignment of the obligation operates as an assignment of the mortgage (*Jones* v. *Titus,* 208 Mich. 392), and "If a part only of the debt is assigned, a *pro tanto* portion of the security follows it." *Batesville Institute* v. *Kauffman,* 18 Wall. (85 U. S.) 151, 154.

"A trustee, in the widest meaning of the term, may be defined to be a person in whom some estate, interest, or power in or affecting property of any description is vested for the benefit of another." *Jones* v. *Byrne,* 149 Fed. 457, 463.

Title to the mortgage passed to the mortgagee on its execution and delivery by the mortgagors. For a time, at least, it held it as security for the payment of the bonds, and not as a trustee. The nature of the instrument as an ordinary mortgage became thereby established; and was not changed by the subsequent acts of the mortgagee in disposing of the bonds from time to time, under which the trust relation as between it and the purchasers of the bonds would spring into existence. The trust thus created was by the mortgagee, and not by the mortgagors, or by anything contained in the mortgage itself. See our holding in *Bankers Trust Co.* v. *Russell, post,* 677.

In our opinion, this instrument was not a trust mortgage or deed of trust, within the meaning of those terms as used in Act No. 228, Pub. Acts 1925 (3 Comp. Laws 1929, §§13498, 13499), and the decree is again affirmed, with costs to appellees.

McDONALD, C. J., and CLARK, POTTER, NORTH, FEAD, and WIEST, JJ., concurred. BUTZEL, J., did not sit.