BANKS v FORD MOTOR COMPANY

Docket No. 60974. Submitted November 3, 1982, at Detroit.—Decided February 10, 1983.

John L. Banks, an employee of Ford Motor Company, was discharged by Ford following an assault by Banks on another employee in the company's parking lot prior to the beginning of Banks' work shift. Banks assaulted the other employee after the other employee struck Banks' automobile with his own, causing damage to Banks' vehicle. Banks applied for unemployment compensation, but was denied benefits by a hearing referee on the basis that an individual is disqualified for benefits when he is discharged for an act of assault and battery connected with his work. The Michigan Employment Security Commission Board of Review reversed the referee's decision, holding that the assault was not connected with Banks' employment. Ford Motor Company and the Michigan Employment Security Commission appealed to the Wayne Circuit Court, which reversed the board of review's decision, Michael J. Connor, J. Banks appeals the decision of the circuit court. *Held:*

The circuit court correctly held that the board of review made an error of law in its interpretation of the "connected with work" requirement of the statute which disqualifies an individual from receiving unemployment benefits when discharged because of an act of assault and battery connected with work. Disqualification may be based on an assault connected with the claimant's work, even though the reasons for the assault are not related to the work.

Affirmed.

1. UNEMPLOYMENT COMPENSATION — MICHIGAN EMPLOYMENT SECU-RITY ACT — JUDICIAL CONSTRUCTION.

The primary rule in interpreting the Michigan Employment Security Act is to ascertain and give effect to the Legislature's intent; all other rules of construction merely serve as guides to

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Unemployment Compensation § 6.
[2] 76 Am Jur 2d, Unemployment Compensation § 52.

assist the courts in determining such intent with a greater degree of certainty (MCL 421.1 *et seq.;* MSA 17.501 *et seq.*).

2. UNEMPLOYMENT COMPENSATION — DENIAL OF BENEFITS — ASSAULT.

An individual may be disqualified from receiving unemployment compensation benefits where he is discharged from his job because of an assault connected with his work, even though the reasons for the assault are not related to the work (MCL 421.29; MSA 17.531).

*Hall & Bilicki, P.C.* (by *James T. Bilicki*), for petitioner.

*Nancy L. Schott* and *Edward M. Mahon, Jr.,* for Ford Motor Company.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *James A. Burns,* Assistant Attorney General, for the Michigan Employment Security Commission.

Before: BRONSON, P.J., and V. J. BRENNAN and J. H. GILLIS, JJ.

PER CURIAM. The claimant appeals by right a circuit court order reversing a decision of the Michigan Employment Security Commission Board of Review. The board had reversed the decision of its hearing officer who had found the claimant disqualified from receiving unemployment benefits.

The parties agreed on the facts which led to the claimant's discharge from employment. At approximately 10:45 p.m. on January 22, 1979, the claimant had entered the plant parking lot prior to beginning work on his shift. Another employee was moving his car from one space in the lot to another prior to finishing work on his shift. The claimant's vehicle was struck by the vehicle driven by the other employee. The claimant and the other employee got out of their respective cars. While

the other employee apologized, claimant opened a penknife and struck·him with it in the neck and chest.

The MESC referee held that the claimant was disqualified from receiving unemployment benefits by MCL 421.29; MSA 17.531, which then stated in part:

"(1) Grounds. An individual shall be disqualified for benefits in all cases in which he:

* * *

"(h) Was discharged for an act of assault and battery connected with his work."

The claimant sought review of this determination by the MESC Board of Review. The board held that the assault was not connected with the claimant's employment and reversed the referee's determination.

The board stated that:

"* * * the assault and battery did not arise either from the performance of the work assignments of the claimant and the victim, or from a dispute between the claimant and the victim over the failure to perform their work assignments, or the improper performance of their assignment, or even from a disagreement as to the methods by which their work assignments were to be performed. The assault and battery arose from a purely personal matter which happened to occur on the employer's premises and within moments of the termination of their shift."

We agree with the circuit judge that the review board's interpretation of the phrase "connected with his work" was too narrow. In interpreting the Michigan Employment Security Act (MESA), we strictly construe its disqualification provisions to avoid disqualification where the Legislature's intent is unclear. *Anderson v Top O'Michigan Rural*

*Electric Co,* 118 Mich App 275; 324 NW2d 603 (1982). The primary rule in interpreting MESA, however, is to ascertain and give effect to the Legislature's intent; all other rules of construction merely serve as guides to assist the courts in determining such intent with a greater degree of certainty. *Grand Rapids v Crocker,* 219 Mich 178; 189 NW 221 (1922).

In the present case, we believe that the circuit judge and the MESC referee more accurately discerned the Legislature's intent than did the MESC Board of Review. The board construed the statute to require not only that an assault be connected with an individual's work but that the reasons for the assault be connected with an individual's work. We agree with the circuit judge that disqualification may be based on an assault connected with a claimant's work even though the reasons for the assault are not related to the work.

In the present case, the assault occurred on company property. The assailant and his victim were both employees of Ford and were both at the plant to work. Under the Worker's Disability Compensation Act of 1969, the injuries to the victim of the claimant's assault arose out of and in the course of employment. MCL 418.301, subds (1), (3); MSA 17.237(301), subds (1), (3). See *Queen v General Motors Corp,* 38 Mich App 630; 196 NW2d 875 (1972); *Brady v Clark Equipment Co,* 72 Mich App 274; 249 NW2d 388 (1976). The injury to, and potential for injury to, the employer's interests is evident in the present case. See *Gallagher v Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 400 A2d 926 (Pa Commw Ct, 1979). We believe that the circuit judge correctly held that the MESC Board of Review made an error of law in its interpretation of the "connected with work" requirement.

Affirmed. No costs.