*In re* AMERICANA FOUNDATION

Docket No. 79571. Submitted July 2, 1985, at Lansing.—Decided September 16, 1985. Leave to appeal applied for.

The Attorney General petitioned the Oakland Probate Court to remove two trustees of the Americana Foundation, a corporation created to administer property given to it for the benefit of the public. The court, Eugene Arthur Moore, J., determined that it had jurisdiction and ordered the trustees removed. The trustees appealed. *Held:*

1. The Americana Foundation is a trust.

2. The probate court has exclusive jurisdiction over the internal affairs of corporations created to administer trusts. Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The last expression of the Legislature will control where a conflict exists between two statutory provisions.

2. COURTS — JURISDICTION — TRUSTS — CORPORATIONS — PROBATE COURT — REVISED PROBATE CODE.

The probate court has exclusive jurisdiction over the internal affairs of corporations created to administer trusts (MCL 700.21; MSA 27.5021).

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Luis F. Fernandez*, Assistant Attorney General, for petitioner.

*Dykema, Gossett, Spencer, Goodnow & Trigg* (by *E. James Gamble* and *Stewart L. Mandell*), for respondents.

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Statutes §§ 142 *et seq.*

See the annotations in the ALR3d/4th Quick Index under Conflict of Laws.

[2] Am Jur 2d, Courts §§ 32, 104.

See the annotations in the ALR3d/4th Quick Index under Jurisdiction.

Before: Shepherd, P.J., and R. B. Burns and R. L. Tahvonen,* JJ.

R. B. Burns, J. Judge Moore of the Oakland County Probate Court ruled that he had jurisdiction to remove two trustees of the Americana Foundation. The reason for the removal was that the two trustees had a conflict between their personal pecuniary interests and the interests of the Americana Foundation.

The only issue on appeal is whether or not the probate court had jurisdiction.

The trustees assert that the Americana Foundation is a corporation and, therefore, jurisdiction is in circuit court. MCL 600.3605; MSA 27A.3605 grants the circuit courts power over corporations.

The probate court asserted jurisdiction under § 21 of the Revised Probate Code which states:

"The [probate] court has exclusive jurisdiction of all the following:

"(a) Matters relating to the settlement of the estate of a deceased person, whether testate or intestate, who was at the time of death domiciled in the county or was at the time of death domiciled without the state leaving an estate within the county to be administered.

"(b) Trusts and trustees in the execution of will and administration of estates of deceased persons.

"(c) Proceedings concerning the internal affairs of trusts including proceedings concerning the administration and distribution of trusts and the declaration of rights or the determination of other matters involving trustees and beneficiaries of trusts, including proceedings to:

"(i) Appoint or remove a trustee.

"(ii) Review the fees of a trustee.

"(iii) Review and settle interim or final accounts.

"(iv) Ascertain beneficiaries.

---

* Circuit Judge, sitting on the Court of Appeals by assignment.

"(v) Determine any questions arising in the administration or distribution of any trust, including questions of construction of wills and trusts; instruct trustees, and determine relative thereto the existence or nonexistence of an immunity, power, privilege, duty, or right.

"(vi) Release registration of a trust.

"(d) Appointment of a guardian, limited guardian, or conservator in cases prescribed by law, resolution of any contested matter in respect to the estate or ward, and settlement of the estate." MCL 700.21; MSA 27.5021.

In order to have jurisdiction over the Americana Foundation as a trust, it would have to have been established that the Americana Foundation was a trust. Section 11 of the Revised Probate Code defines the word "trust" for the purposes of the probate code:

" 'Trust' means an express trust, private or charitable, with additions thereto, where created and whether created by will or other than by will. It includes a trust created by judgment or decree under which the trust is to be administered in the manner of an express trust. Trust excludes other constructive trusts, and it excludes resulting trusts, business trusts providing for certificates to be issued to beneficiaries, investment trusts, common trust funds, voting trusts, security arrangements, liquidation trusts, and trusts created for the primary purpose of paying debts, dividends, interest, salaries, wages, profits, pensions, or employee benefits of any kind, and any arrangement under which a person is nominee or escrowee for another." MCL 700.11(2); MSA 27.5011(2).

The Revised Probate Code does not define "express trust, private or charitable". "Express trust" has been defined by our Supreme Court in *Scarney v Clarke,* 282 Mich 56, 63; 275 NW 765 (1937):

"In 65 C.J. p. 231, it is said:

" 'To constitute an express trust there must be an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created.' "

The Court, in *Equitable Trust Co v Milton Realty Co,* 261 Mich 571, 577; 246 NW 500 (1933), defined "trusts" as follows:

"To create a trust, there must be an assignment of designated property to a trustee with the intention of passing title thereto, to hold for the benefit of others. There must be a separation of the legal estate from the beneficial enjoyments * * *."

*Scarney v Clarke* also defines charitable trusts:

"In 2 Restatement of the Law of Trusts, p. 1096, § 349, it is said:
" 'A charitable trust may be created by (a) a declaration by the owner of property that he holds it upon a charitable trust; or (b) a transfer *inter vivos* by the owner of property to another person to hold it upon a charitable trust.'

* * *

"In charitable trusts the public is the beneficiary. A distinguishing characteristic of such a trust is that the prospective beneficiary is undetermined and unknown, and while such a trust need not be for the benefit of the entire public, yet it must be public in nature and for unascertained beneficiaries." 282 Mich 63-64.

Section 2(b) of the Supervision of Trustees for Charitable Purposes Act also defines "charitable trust":

" 'Charitable trust' means the relationship where a trustee holds property for a charitable purpose." MCL 14.252(b); MSA 26.1200(2)(b).

The only document of record which could estab-

lish that an express trust was created is the articles of incorporation of the Americana Foundation. The articles of incorporation contain no explicit declaration of a trust. However, the articles of incorporation do show beyond reasonable doubt that a trust was intended to be created. First, under Article III(b), there was an assignment of designated property: "Cash and securities having a value of $473,544". Second, the assignment was to a "trustee". Under MCL 14.252(a); MSA 26.1200(2)(a) of the Supervision of Trustees for Charitable Purposes Act:

> " 'Trustee' means any individual, *group of individuals,* association, *foundation,* trustee corporation, *corporation,* or *other legal entity* holding property for any charitable purpose." (Emphasis added.)

The trustee in the case at bar is the Americana Foundation, which the parties admit is a nonprofit corporation. The trustees of the Americana Foundation cannot be regarded as the trustees of the trust because the property was not assigned to them. Rather, it was assigned to the corporation for which they were the "directors (or trustees)". In order to find the "directors (or trustees)" of the corporation to be the trustees of the trust, there would have to be grounds for "piercing the corporate veil".

Third, there is an intention to pass title to the corporation expressed by the declaration that the "cash and securities having a value of $473,544" were assets of the corporation, and that they were received as "contributions from individuals, trusts, and corporations". Fourth, clearly the intent, as expressed in the articles of incorporation, was for the benefit of others in that the property was to be devoted and applied "exclusively for charitable,

religious, scientific, literary or educational purposes * * *". Fifth, the legal estate was separated from the beneficial enjoyment. The Americana Foundation held the legal estate whereas the public received the benefit and enjoyment. Finally, the articles of incorporation clearly establish a charitable purpose. Therefore, the incorporation of the Americana Foundation created an "express trust, charitable or private" to be administered by the Americana Foundation through its trustees.

The Americana Foundation is a nonprofit corporation created to administer a trust. The respondents-appellants argue that as a corporation the circuit court should have jurisdiction over the Americana Foundation. The appellee's argument, properly stated, would be that since the Americana Foundation is the trustee of a trust, the probate courts have jurisdiction over the Americana Foundation. A conflict of jurisdiction would appear from MCL 600.3605; MSA 27A.3605 and MCL 700.21; MSA 27.5021. MCL 700.21 has been quoted previously. MCL 600.3605(1) states:

"Circuit courts have the power, and actions may be brought in the circuit courts:

"(a) to compel persons to account for their conduct in the management and dispostion of the corporate funds and corporate property committed to their charge;

"(b) to compel persons to pay to the corporation which they represent, and to its creditors, all sums of money and the value of all property which they have acquired to themselves or transferred to others or have lost or wasted by any violation of their duties as directors, managers, trustees, or other officers;

"(c) to suspend any corporate trustee or other officer from exercising his office whenever it appears that he has abused his trust;

"(d) to remove any corporate trustee or officer from his office upon proof or conviction of gross misconduct;

"(e) to direct new elections to be held by the corporation or board duly authorized to hold elections to supply any vacancy created by any removal;

"(f) in case there is no board, or all the members of the board are removed, then to report this to the governor, who is authorized to fill theses vacancies with the consent of the senate;

"(g) to set aside all alienations of property made by the trustees or other officers of any corporation contrary to the provisions of law or for purposes foreign to the lawful business and objects of the corporation, in cases where the persons receiving the alienated property knew the purposes for which the alienation was made; and

"(h) to restrain and prevent any alienation of corporate property in cases where it is threatened or there is good reason to apprehend that it is intended to be made."

It is a general rule of statutory construction that a statute adopted later in time is given preference over an earlier statute. *Capps v Dep't of Social Services*, 115 Mich App 10, 14-15; 320 NW2d 272 (1982). Under this principle, the Revised Probate Code of 1979 would take precedence over the Revised Judicature Act of 1961. The probate court has exclusive jurisdiction over the internal affairs of corporations created to administer trusts.

Affirmed.