FARRELL v AUTOMOBILE CLUB OF MICHIGAN

Docket No. 80094. Submitted October 2, 1985, at Grand Rapids.— Decided January 6, 1986.

Bruce Farrell, was employed by the Automobile Club of Michigan as an insurance salesman. Farrell's employment was terminated by the Auto Club. The Auto Club offered Farrell alternative employment which he refused to accept. Farrell thereafter sought unemployment benefits. A hearing officer of the Michigan Employment Security Commission determined that Farrell was excluded from benefits under the Michigan Employment Security Act. The Michigan Employment Security Commission Board of Review, on appeal by Farrell, reversed the hearing officer's determination. The Auto Club appealed from the board's reversal of the hearing officer's determination to the Kent Circuit Court. The circuit court, Roman J. Snow, J., reversed the board and dismissed Farrell's claim for benefits. Farrell appealed as of right from the circuit court order dismissing his claim. *Held:*

A circuit court may review questions of fact and law on the record made before the board and may review a final order of the board, but may only reverse an order if it finds that the order is contrary to law or is not supported by competent, material, and substantial evidence on the whole record. The circuit court acted within its authority to review the board's decision and correctly concluded that the narrow and technical definition of the word "commission" given by the board to the disputed statutory provision was contrary to law.

Affirmed.

1. UNEMPLOYMENT COMPENSATION — MICHIGAN EMPLOYMENT SECURITY BOARD OF REVIEW — JUDICIAL REVIEW — CIRCUIT COURT — STATUTES.

A circuit court may review questions of fact and law on the record made before the Michigan Employment Security Com-

REFERENCES

Am Jur 2d, Statutes § 239.

Am Jur 2d, Unemployment Compensation §§ 44, 59-67.

See the annotations in the ALR3d/4th Quick Index under Unemployment Compensation.

mission Board of Review and may review a final order of the board, but may only reverse an order if its finds that the order is contrary to law or is not supported by competent, material, and substantial evidence on the whole record (MCL 421.38[1]; MSA 17.540[1]).

2. UNEMPLOYMENT COMPENSATION — EMPLOYMENT SECURITY ACT — JUDICIAL CONSTRUCTION.

The primary rule in interpreting the Michigan Employment Security Act is to ascertain and give effect to the Legislature's intent; all other rules of construction merely serve as guides to assist the courts in determining such intent with a greater degree of certainty (MCL 421.1 *et seq.;* MSA 17.501 *et seq.).*

3. STATUTES — JUDICIAL CONSTRUCTION.

In construing statutes, when words are adopted having a well-known common-law meaning, they are used with the common-law meaning unless a contrary intent of the Legislature is shown.

4. UNEMPLOYMENT COMPENSATION — EMPLOYMENT SECURITY ACT — DENIAL OF BENEFITS.

The distinguishing feature of a commission is that payment of a commission is contingent upon the successful completion of sale transactions.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Morris J. Klau,* Assistant Attorney General, for the Michigan Employment Security Commission.

*Schenk, Boncher & Prasher* (by *Dan E. Bylenga, Jr.),* for claimant Farrell.

*Fox & Grove* (by *Kalvin M. Grove, Martin K. Denis,* and *Steven L. Gillman),* and *Finkel, Whitefield & Selik* (by *Robert J. Finkel),* for The Automobile Club of Michigan.

Before: DANHOF, C.J., and MACKENZIE and J. L. BANKS,* JJ.

DANHOF, C.J. Claimant, Bruce Farrell, appeals

---

* Circuit judge, sitting on the Court of Appeals by assignment.

as of right from a circuit court order reversing a decision of the Michigan Employment Security Commission Board of Review. The board had reversed a decision of its hearing officer who had determined that claimant was excluded from benefits under § 43(h) of the Michigan Employment Security Act, MCL 421.1 *et seq.;* MSA 17.501 *et seq.* The hearing officer upheld his decision at a redetermination hearing.

Claimant was employed by the Automobile Club of Michigan as an insurance salesman. He sold homeowners, life and automobile insurance. He was compensated on a straight commission based upon a percentage of the premiums paid for the homeowners and life insurance policies he sold. However, claimant was compensated on a unit plan for the sale of automobile insurance policies. Under the plan, claimant was paid a fixed amount according to the type of auto insurance coverage sold *(e.g.,* mandatory, uninsured motorist, comprehensive or collision coverage). Under the unit plan compensation system, claimant's income fluctuated so that the more insurance he sold the more income he received. Approximately 90% of his income was calculated based upon the unit plan compensation system.

After claimant's employment was terminated for unacceptable work performance, claimant was offered alternative employment which he refused to accept. He then sought unemployment benefits. Claimant raises three issues on appeal.

Claimant first contends that the circuit court exceeded its authority when it reversed the board's decision that claimant was not excluded from the act's coverage under MCL 421.43(h); MSA 17.547(h). He further claims that the circuit court should have deferred to the board's decision, in light of the board's expertise in this field, unless

the ruling was contrary to the great weight of the evidence contained in the record before the circuit court.

A circuit court may review questions of fact and law on the record made before the board and may review a final order of the board, but may reverse an order only if it finds that the order is contrary to law or is not supported by competent, material, and substantial evidence on the whole record. MCL 421.38(1); MSA 17.540(1). From our review of the opinion issued by the circuit court, it appears that the sole issue raised there was a legal one. The circuit court concluded that the narrow and technical definition of "commission" given by the board to the disputed statutory provision, MCL 421.43(h); MSA 17.547(h), was contrary to law. The circuit court determined that a broader definition of "commission" was warranted in light of the principle of statutory construction found in *Equitable Trust Co v Milton Realty Co,* 261 Mich 571; 246 NW 500, *aff'd on rehearing* 263 Mich 673; 249 NW 30 (1933), and in light of the common-law definition of "commission" found in *Smith v Starke,* 196 Mich 311; 162 NW 998 (1917). Thus, the circuit court acted within its authority to review the board's decision.

The circuit court was not required to defer to the board's interpretation of the statutory exclusion, because there is no indication in the record that the board had followed a long-standing interpretation. Further, the circuit court's scope of review was not limited to whether substantial evidence supported the board's decision, because no factual issues were presented to the circuit court.

Claimant next argues that the circuit court erred when it reversed the board's order which had interpreted the term "commission" narrowly.

The act excludes from coverage employment defined as follows:

"Service performed by real estate salespersons, sales representatives of investment companies, and agents or solicitors of insurance companies who are compensated principally or wholly on a commission basis."

The act does not define "commission", and there is no legislative history to guide us in determining the Legislature's intent. The primary rule in interpreting the act is to ascertain and give effect to the Legislature's intent; all other rules of construction merely serve as guides to assist the courts in determining intent with a greater degree of certainty. *Banks v Ford Motor Co,* 123 Mich App 250, 253; 333 NW2d 239 (1983).

The circuit court applied a rule of statutory construction that when words are adopted having a well-known common-law meaning, they are used with the common-law meaning unless a contrary intent of the Legislature is shown. *Equitable Trust Co v Milton Realty Co, supra,* p 575. The circuit court then turned to the common-law definition of the word "commission" adopted by the Michigan Supreme Court in *Smith v Starke, supra,* p 314, which provides:

"The word 'commission' implies a compensation to a factor or other agent for services rendered in making a sale. *Mooney v Hough,* 84 Ala 80-92 (4 So 19); 1 Bouvier's Law Dictionary, p 548; *Ralston v Kohl's Adm'r,* 30 Ohio St 92-98; *Rogers v Duff,* 97 Cal 66-69 (31 P 836)."

Although the legal issue raised here (*i.e.,* the interpretation of "commission") was decided by the *Smith* Court in another context, namely compensation of a real estate broker, we are persuaded that the circuit court could properly apply the broader

definition. Support for acceptance of a broader definition is found in the decisions of other jurisdictions which have had occasion to consider the issue. *American National Ins Co v Keitel,* 353 Mo 1107, 1112; 186 SW2d 447 (1945) (the word "commission, when used to denote compensation for work performed, as is ordinarily understood, means compensation paid upon results achieved"). See also *Commonwealth Life & Accident Ins Co v Board of Review of the Dep't of Labor,* 414 Ill 475, 484; 111 NE2d 345 (1953). See generally, Anno: *Insurance Agents or Salesmen as Within Coverage of Social Security or Unemployment Compensation Acts,* 39 ALR3d 872, §§ 5, 8, 9.

Further, the common-law definition is a reasonable one which gives every clause and word of the statute some force and meaning. *United Ins Co v Attorney General,* 300 Mich 200, 203-204; 1 NW2d 510 (1942). Anomalous results would be seen if an insurance salesman's disqualification from coverage under the act depended upon the *rate* of his commission, (*i.e.,* a percentage basis commission instead of a unit plan). The circuit court properly noted that the distinguishing feature of a commission is that *payment* of a commission *is contingent* upon the successful completion of sale transactions. We conclude that the circuit court correctly held that the board made an error of law in its interpretation of "commission".

We are not required to determine whether claimant was excluded from coverage because he was *principally* compensated on a commission basis in light of our disposition of the previous issue.

Affirmed.